UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ERNEST AFAM OFOEDU, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Case No: 3:04cv1707 (PCD) |
| | : | |
| ST. FRANCIS HOSPITAL AND | : | |
| MEDICAL CENTER, CATHERINE | : | |
| SZENCZY and CAROL SCHUSTER, | : | |
|     Defendants | : | |

### RULING ON DEFENDANTS' MOTION FOR A PROTECTIVE ORDER, PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR SANCTIONS, AND DEFENDANTS' MOTION TO COMPEL

Defendants moved for a Protective Order [Doc. No. 28] requiring Plaintiff to arrange and pay for videotaped depositions of St. Francis personnel and/or depositions performed at the courthouse with court supervision and to postpone certain depositions pending the Court's ruling on the Motion for Protective Order. In the Supplement to Defendant's Motion for Protective Order [Doc. No. 29] Defendants submitted excerpts from the transcript of the August 19, 2005 deposition of Catherine Szenczy to substantiate their allegations of "repeated and willful misconduct by Plaintiff's counsel" in the Motion for Protective Order. Plaintiffs filed a Cross-Motion to Compel Production of Defendant Catherine Szenczy to Continue and Complete her Deposition; to Compel Full and Proper Compliance to Interrogatory and Discovery Requests; and for Sanctions Against Defendants and/or Counsel for Defendants [Doc. No. 34]. Subsequently, Defendants moved for an order compelling Plaintiff to respond to questions that he allegedly refused to answer during his August 10, 2005 deposition and for an order sanctioning Plaintiff for his refusal to answer the questions and Plaintiff's counsel for his allegedly disruptive and

inappropriate conduct at Plaintiff's deposition [Doc. No. 35]. For the reasons stated herein, these motions are **granted in part/denied in part**.

I.	BACKGROUND

On August 31, 2005 Defendants moved for a Protective Order requiring Plaintiff to arrange and pay for videotaped depositions of St. Francis personnel and/or requiring that depositions of St. Francis personnel be conducted at the courthouse subject to Court supervision. Defendants also moved to postpone depositions scheduled for September 7, 8, and 9, 2005 pending the Court's ruling on the instant Motion. The motion to postpone is due, in part, to Defendants' allegations that Plaintiff's counsel has refused, despite repeated requests in writing, to identify whom he intends to depose and the date and time of the deposition (Plaintiff contests this allegation in his Motion to Compel (Pl.'s Mot. Compel at 2)). Defendants' request for a Protective Order stems from the conduct of Plaintiff's counsel at the August 10, 2005 deposition of the Plaintiff and the August 19, 2005 deposition of Catherine Szenczy. Defendants allege that during the course of the deposition of Plaintiff, Plaintiff's counsel continually interrupted questions, made lengthy objections to Defendants' counsel's questions, instructed Plaintiff that he need not answer questions, coached the witness, and engaged in "combative and argumentative behavior" with Defendants' counsel. Defs.' Mot. Prot. Order at 2. Defendants further allege that during the Szenczy deposition, Plaintiff's counsel frequently interrupted the witness, cut her responses short, raised his voice, and generally engaged in "intimidating, combative behavior." Id.

In the Supplement to their Motion for Protective Order, filed on September 14, 2005, Defendants submitted excerpts of the transcript of the deposition of Catherine Szenczy to support

Defendants' allegations of Plaintiff's counsel's repeated and willful misconduct.  Plaintiff cites numerous pages of deposition transcript to illustrate instances in which Plaintiff's counsel interrupted Ms. Szenczy, cut off her testimony, and even asked her to stop talking.  Defendants also submit pages of deposition transcript which illustrate Plaintiff's counsel's rude and disrespectful conduct toward Ms. Szenczy and three instances in which Ms. Szenczy asked Plaintiff's counsel to stop his aggressive behavior.  The pages which Defendants cite more than back up their allegations.  They show Plaintiff's counsel continuously interrupting Ms. Szenczy (Exh. A at 22-24, 26-29, 36-37, 46-48), arguing with her answers (Exh. A at 42), not letting the witness explain her answers and cutting her off (Exh. A at 43), and berating her and making rude and sarcastic remarks to her (Exh. A at 17, 123-24, 151-55, 187, 245).

     In response and in opposition to Defendants' Motions, Plaintiff filed a Motion to Compel and Motion for Sanctions, seeking an order (1) compelling Defendants to provide full and complete answers to interrogatories and requests for production of documents demands; (2) compelling Catherine Szenczy to be produced to continue and complete her deposition; (3) imposing sanctions on Defendants and/or Defendants' counsel; and (4) ordering Defendants to pay the reasonable attorney expenses and attorney fees incurred by the cross-motion.  In support of his Motion compelling Ms. Szenczy to be produced for further depositions and for sanctions and attorney's fees, Plaintiff cites numerous pages of deposition transcript.  Looking through a large sampling of these citations, the Court found nothing which reflects any impropriety on the part of Defendants' counsel (the Court found little even relevant to the instant Motion).

     On September 27, 2005, Defendants filed a Motion to Compel, seeking an order from the Court compelling Plaintiff to respond to questions that he refused to answer at his deposition and

3

sanctioning Plaintiff for his refusal to answer questions and sanctioning Plaintiff's counsel for his disruptive and inappropriate conduct. Defendants allege that Plaintiff refused to answer more than fifteen relevant questions. Defs.'s Mot. Compel at 2. Defendants also attack Plaintiff's counsel's behavior during the deposition of Plaintiff, stating that Attorney Emengo continuously interrupted questioning, coached the witness, interjected long-winded and inappropriate objections, testified in place of Plaintiff, and was generally rude toward opposing counsel. Again, the deposition transcripts and Defendants' citations to it more than substantiate Defendants' assertions.

## II. DISCUSSION

A review of the deposition transcripts supplied by both Plaintiff and Defendants reveal that Plaintiff's counsel engaged in a great deal of inappropriate behavior, including interrupting questioning, coaching the witness, instructing the witness, answering for the witness, interjecting legally improper objections, making long colloquies, instructing witness not to answer numerous questions, and displaying hostile and aggressive behavior toward opposing counsel and toward deponent Catherine Szenczy. The Court did not find any support, however, for Plaintiff's allegations regarding defense counsel's conduct. In reviewing a large sampling of Plaintiff's citations of Attorney Strange's alleged misconduct the Court found almost no relevant information and no impropriety on the part of Attorney Strange.

In response to the parties' various motions, the Court is extending discovery until November 11, 2005. During this time, the parties will have the opportunity to depose and are ordered to produce Catherine Szenczy and Plaintiff for further deposition. Depositions will be conducted at Plaintiff's expense. If Plaintiff wants to depose any other St. Francis personnel,

depositions shall be arranged by Plaintiff and conducted at Plaintiff's expense. Plaintiff should provide reasonable notice to Defendants prior to the deposition. Such notice shall clearly indicate the time and place of the deposition and the person to be deposed. See FED. R. CIV. P. 30(b)(1). Plaintiff's attorney is ordered to refrain from making legally improper objections (e.g., "I don't understand the question" (Szenczy Dep. at 36)). Plaintiff's counsel is reminded that it is the witness who must understand the question – the proper objection in this case is to the form of the question. Pursuant to Rule 30(d)(1), "[a]ny objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner." FED. R. CIV. P. 30(b)(1). If counsel feels s/he must make an objection, the objection should be succinctly and briefly made for record and the deposition should continue with testimony being taken subject to the objection. Attorneys should refrain from interrupting witnesses and interfering with the completion of their answers. Moreover, unless it is "necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4),"[1] FED. R. CIV. P. 30(b)(1), counsel should refrain from instructing a witness not to answer. Even though the answer may be irrelevant or otherwise improper, counsel should generally allow the witness to answer and can move to strike at trial. In accordance with this order, Plaintiff is instructed to answer the questions referred to in the Defendants' Motion to Compel. See Def.'s Mot. Compel at 2 (discussing questions that Plaintiff refused to answer at his August 10, 2005 deposition).

---

[1] Rule 30(d)(4) reads: "At any time during a deposition, on motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court in which the action is pending or the court in the district where the deposition is being taken may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition as provided in Rule 26(c). If the order made terminates the examination, it may be resumed thereafter only upon the order of the court in which the action is pending. Upon demand of the objecting party or deponent, the taking of the deposition must be suspended for the time necessary to make a motion for an order. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion." FED. R. CIV. P. 30(d)(4).

Although the Court does recognize the disruptive behavior on the part of Plaintiff's counsel, Defendants' request for videotaped depositions and/or depositions subject to court supervision is denied. No sanctions and no attorney's fees are imposed at this time. If, however, following the proposed depositions discussed above, it is found that Plaintiff's counsel has engaged in improper conduct, proper sanctions may be imposed, including revocation of Attorney Emengo's pro hac vice admission in this case.

In his Motion to Compel Plaintiff alleges that Defendants' responses to interrogatories and discovery demands were insufficient. He asserts that Defendants' responses were primarily objections and were "replete with bald assertions that [the] demand was 'overly broad or irrelevant.'" Pl.'s Br. Supp. Cross-Mot. Sanctions at 6. Moreover, the Plaintiff alleges that the Defendants used boilerplate responses to interrogatories or requests for documents, stating that the interrogatory or request was over broad, irrelevant, or burdensome. Id. at 10. Plaintiff writes that when Defendants did provide answers, they simply referred to a group of documents, saying, for example, "See Exhibit A – C," without identifying a specific document or documents relevant to the particular request. Although Plaintiff's objections may have some merit, it is impossible for the Court to make a determination without being provided the specific interrogatories and document demands at issue. As the Court is unable to identify the questions and demands, it is in no position to judge whether Defendants' answers failed to comply with Rule 33(b)'s requirement that "interrogator[ies] shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." FED. R. CIV. P. 33(b). The obligation to submit and define the deficiency lies with the Plaintiff. Without more specific

identification, the Court will deny Plaintiff's motion.

## III.    CONCLUSION

For the foregoing reasons, Defendants' Motion for Protective Order [Doc. No. 28], the Supplement to Defendant's Motion for Protective Order [Doc. No. 29], Plaintiff's Cross-Motion to Compel and Motion for Sanctions [Doc. No. 34], and Defendants' Motion to Compel [Doc. No. 35] are **granted in part/denied in part**.

SO ORDERED.

Dated at New Haven, Connecticut, October  7 , 2005.

/s/

Peter C. Dorsey, U.S. District Judge

United States District Court