# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

ERNEST AFAM OFOEDU,      :
     Plaintiff,       :
                       :
v.                       :     Case No: 3:04cv1707 (PCD)
                       :
ST. FRANCIS HOSPITAL AND   :
MEDICAL CENTER, CATHERINE :
SZENCZY and CAROL SCHUSTER, :
     Defendants.      :

## RULING ON DEFENDANTS' MOTION TO COMPEL & FOR AN AWARD OF SANCTIONS & PLAINTIFF'S CROSS-MOTION FOR SANCTIONS

Defendants move [Doc. No. 45], pursuant to Rules 30 and 37 of the Federal Rules of Civil Procedure and Local Rules 7 and 37, for an order compelling Plaintiff to produce all documents requested in Defendants' First Set of Requests for Production and for an award of sanctions against Plaintiff and Plaintiff's counsel (Attorney Emengo) for their "willful and repeated failure to comply with the rules of discovery." Def's Mot. Compel at 1. In response, Plaintiff filed a Cross-Motion [Doc. No. 54] for an order imposing sanctions against Defendants and/or Defendants' counsel (Attorney Strange) "for engaging in improper conduct during discovery proceedings and for failure to comply with document requests." Pl's Cross-Mot. at 1. For the reasons set forth herein, Defendants' Motion is **granted in part** and **denied in part** and Plaintiff's Cross-Motion is **granted in part** and **denied in part**.

## I.    BACKGROUND[1]

This case involves Plaintiff's claim that Defendants terminated his employment and otherwise discriminated against him on the basis of his sex, race, color and national origin in

---

[1]    Only those facts relevant to the resolution of these Motions will be discussed here.

violation of Title VII and 42 U.S.C. Section 1981.[2]  On December 22, 2005, Defendants filed this

Motion to Compel and for an Award of Sanctions, alleging that the requested order is necessary

because "Plaintiff and Plaintiff's counsel have repeatedly demonstrated a complete disregard for

the requirements of Rule 34 of the Federal Rules of Civil Procedure."  Def's Mot. Compel at 1-2.

Defendants charge Plaintiff and his counsel with engaging in a variety of improper behaviors,

including the following:

> 1) Plaintiff's counsel marked approximately eighteen documents as exhibits during
> the depositions of St. Francis employees Denise Currier, Faye Davis and Carol
> Schuster conducted during the week of November 7, 2005 which he did not produce
> during discovery and which were responsive to Defendants' First Set of Requests for
> Production served on Plaintiff on June 10, 2005;
>
> 2) Plaintiff has refused to provide documents regarding his efforts to mitigate
> damages which Plaintiff testified he possessed and which Attorney Emengo stated
> would be produced; and
>
> 3) During his deposition, Plaintiff testified that he possessed additional documents
> related to his employment at St. Francis which he would produce as they became
> relevant.  Plaintiff also attended the depositions of several St. Francis employees with
> a stack of papers from which he selected certain documents which his attorney then
> marked as deposition exhibits.

Def's Mem. Supp. Mot. Compel at 2.  Defendants request that the Court enter an order

compelling production of those documents and sanctioning Plaintiff's counsel for his

"noncompliance" and "blatant disregard for the rules of discovery."  Id. at 2-3.

 This is not the first discovery dispute between these two parties to come before this

Court.  Defendants filed a Motion for a Protective Order on August 31, 2005 and a Motion to

Compel on September 27, 2005, seeking relief from Plaintiff counsel's conduct during

---

[2]     Plaintiff's claims of race and color discrimination under Title VII as well as his Title VII claims
against individual defendants Catherine Szenczy and Carol Schuster were dismissed in this Court's
October 7, 2005 Ruling on Defendants' Motion to Dismiss.

depositions and a Court Order compelling Plaintiff to answer questions at his deposition which his attorney had previously instructed him not to answer. Defendants also requested that the Court impose sanctions on Plaintiff and his counsel for their behavior. In response, Plaintiff filed a Cross-Motion to Compel and for Sanctions. In its October 7, 2005 Ruling regarding the pending discovery motions, this Court found that:

> A review of the deposition transcripts supplied by both Plaintiff and Defendants reveal that Plaintiff's counsel engaged in a great deal of inappropriate behavior, including interrupting questioning, coaching the witness, instructing the witness, answering for the witness, interjecting legally improper objections, making long colloquies, instructing witness not to answer numerous questions, and displaying hostile and aggressive behavior toward opposing counsel and toward deponent Catherine Szenczy. The Court did not find any support, however, for Plaintiff's allegations regarding defense counsel's conduct. In reviewing a large sampling of Plaintiff's citations of Attorney Strange's alleged misconduct the Court found almost no relevant information and no impropriety on the part of Attorney Strange.

Oct. 7, 2005 Ruling at 4. The Court extended discovery deadlines, permitted more depositions, ordered Plaintiff's counsel to refrain from making legally improper objections, interrupting witnesses, interfering with the completion of their answers and instructing them not to answer, and instructed Plaintiff to answer the questions referred to in the Defendants' Motion to Compel in a subsequent deposition. Id. at 4-5. Although the Court refused to award attorneys' fees or sanctions at that time, it did warn Plaintiff and his counsel about the possibility of such award in the future, saying that "[i]f . . . following the proposed depositions discussed above, it is found that Plaintiff's counsel has engaged in improper conduct, proper sanctions may be imposed, including revocation of Attorney Emengo's pro hac vice admission in this case." Id. at 6.

As in their previous motions, Defendants also allege here, in their support of their request for sanctions against Plaintiff and/or his counsel, that Plaintiff's counsel has continued to engage

3

in the inappropriate, disruptive, abusive, harassing and bullying conduct which the Court warned

him against in the October 7, 2005 Ruling.  Specifically, Defendants allege that "Attorney

Emengo continued to interpose inappropriate objections, to coach the witness, to interrupt

counsel's questioning and to otherwise frustrate a fair examination of Plaintiff."  Mem. Supp.

Mot. Compel at 3.

As in the previous dispute, Plaintiff again has filed a Cross-Motion to Compel and for

Sanctions against Defendants and/or Defendants' counsel.  Plaintiff requests that this Court

impose sanctions against Defendants and/or their counsel and also seeks an order compelling

production of all documents in Defendants' possession which are responsive to requests made by

Plaintiff during depositions, which requests Plaintiff claims were contained in his Requests for

Production Numbers 7, 9, 12, 14, 16 and 19.

## II.   DISCUSSION

### A.  Defendants' Motion to Compel

1.   Documents Responsive to Defendants' First Set of Requests for Production

Defendants seek an order compelling Plaintiff to produce all documents responsive to

their First Set of Requests for Production.  Defendants allege that during the depositions of

Denise Currier, Faye Davis and Carol Schuster, Attorney Emengo marked eighteen separate

documents as exhibits, all of which are alleged to be responsive to Defendants' First Set of

Requests for Production but which were never produced.  See Def's Mem. Supp. Mot. Compel at

9-10.  Defendants also produce excerpts of Plaintiff's deposition testimony in which he concedes

that the documents provided by Plaintiff in response to Defendants' First Set of Requests for

Production "may not be" all of the documents in his possession supporting his claims against St.

4

Francis Hospital.  See id. at 11; Pl's Dep. I at 186-87.  Plaintiff went on to say that "[i]f there are issues that are brought [up] here that I have documents to, I will give them to [my attorney] what I may have."  Pl's Dep. I at 188-89.[3]  Plaintiff made similar comments during the second day of his deposition, testifying that there "may be" other documents in his possession that relate to his claims against St. Francis Hospital, but that he would "present them as they arrive, as they relate to the case, you know, when others are deposed. . . . [A]s others are being deposed, if I have documents that are necessary to the case, I will produce them."  Pl's Dep. II at 16-19.

Defendants claim that during the depositions of various St. Francis employees, Plaintiff's attorney marked certain documents as deposition exhibits.  According to Defendants, these documents were not produced before the depositions, but were selected by Plaintiff during the depositions from a stack of papers that he carried with him.  Defendants' counsel says that she was "sufficiently troubled by Plaintiff's apparent willful and gross non-compliance that she placed her concerns on the record," saying "we're going to want copies of those.  They have not been produced in this litigation.  They have the plaintiff's handwriting on them.  And I'll note the plaintiff is going through the documents in his deposition and has testified he has not produced documents, which we will seek to compel."  See Def's Mem. Supp. Mot. Compel at 12; Davis Depo. at 78-79.  There was apparently a similar occurrence at the Schuster deposition, at which Defendants' counsel said:

> Just for the record, I don't know if this document was produced by the defendant. The plaintiff has a number of documents in front of him and keeps handing them to his attorney, and it is clearly responsive to our discovery responses and has not

---

[3]      Plaintiff also disclosed that he had destroyed documents relating to his employment at St. Francis hospital, saying "I've destroyed documents, my pay stubs and perhaps other documents."  Pl's Dep. I at 190.  Plaintiff did say, however, that he has not destroyed any documents since he retained an attorney.  Id. at 191.

been produced.  It's very troubling that he is handing you the documents, and we will move to compel to have these documents produced on behalf of St. Francis Hospital.

Schuster Depo. at 123-24.  The following exchange took place between Plaintiff's counsel,

Attorney Emengo, and Defendant's counsel, Attorney Strange, at another point in the Schuster

deposition:

> MS. STRANGE: Again, I'm going to object.  I want all of the documents that the plaintiff has.
> MR. EMENGO: That I showed to the witness?
> MS. STRANGE: No, all of the documents that the plaintiff has of St. Francis hospital. He keeps giving you drafts of documents, and they're clearly related, and they have not been produced.
> MR. EMENGO: No.  The reason I took away the document is that it has some writing on it.  Those are part of the materials.  I don't want to fight with you tomorrow saying there is something with writing on it.  I'm giving you something with writing on it.  Is it unfair?
> MS. STRANGE: I'm commenting, he has been giving you documents all day long, some of them relate to this and some don't, and all of them have been asked for, and not all have been produced.  Just for the record, so we're clear, you gave the court reporter a document, took it back, and gave her a different document.
> MR. EMENGO: Yes.  I gave her C18, and it appeared for the record that it had markings on it.  I retrieved it . . .
> Q. (By Mr. Emengo) Ms. Schuster, isn't it true that Mr. Ofoedu timely provided that document to you when you requested it?
> A. No, it's not [t]rue.
> Q. This is the first time you have seen the document?
> A. Yes.

Id. at 185-86.  In addition to the documents identified above, Defendants believe that Plaintiff

may possess additional documents responsive to their requests for production which Plaintiff still

has not disclosed.

In his Declaration, Plaintiff's attorney states that Defendants' Requests for Production

were all very "general in nature" and sought broad categories of documents.  Emengo Decl.

Supp. Cross-Mot. at 3.  Plaintiff's attorney represents that the documents produced were, at the

time produced, all documents believed to be responsive to Defendants' request.  See id.  He

6

argues that the documents were offered and marked as exhibits during the depositions only

because "defendants [sic] employees [sic] witnesses either by disingenuousness or by

misadventure, offered incorrect testimony which compelled their being confronted with [said]

documents," and states that Plaintiff did not originally consider the documents to be "responsive"

because they were not "technically" the documents upon which his allegations were founded.  Id.

at 3-4.  Notwithstanding Attorney Emengo's representations, all documents responsive to

Defendants' First Set of Requests for Production should be produced.

     2.  <u>Documents Regarding Plaintiff's Efforts to Mitigate Alleged Damages</u>

   Defendants also requested, in their Requests for Production (No. 29), documents related

to Plaintiff's efforts to mitigate damages—i.e., to obtain other employment following his

discharge from St. Francis Hospital.  Responding to Request for Production No. 29, Plaintiff

stated "See copies of Application for employment and dairies [sic] entries for job search."  <u>See</u>

Def's Mot. Compel, Exh. 2, No. 29.  Defendants contend that no such documents were attached

to Plaintiff's discovery responses.

   In his deposition testimony Plaintiff testified that he had been making efforts to find

employment since his termination in June of 2004, participating in telephone interviews with at

least one potential employer, making contact with at least one headhunter and sending out his

resume.  Pl's Depo. at 14-15.  Plaintiff also testified that he had records and documents showing

who he contacted and the efforts he made.  <u>Id</u>. at 14-22.  During this series of questions, Plaintiff

represented numerous times that he or his attorney would provide the documents related to his

job search to defense counsel.  <u>Id</u>.  Defendants' attorney argues that in addition to the exchange

that took place at Plaintiff's deposition, she has also "addressed this issue verbally with Attorney

Emengo and further requested in writing on August 11, 2005 and October 25, 2005 that he produce the requested documents." Def's Mem. Supp. Mot. Compel at 13. According to defense counsel, Plaintiff has not, to date, produced a single document related to his efforts to mitigate his alleged damages. Id.

Plaintiff argues that copies of Plaintiff's application for employment and job search entries in diaries maintained by Plaintiff were produced. Plaintiff's attorney asserts that if the documents were not attached, it "could only have been an omission which could have been corrected by counsel submitting the missing item if any, upon realization that it was missing." Emengo Decl. Supp. Cross-Mot. at 5. Plaintiff may be correct, however, he and his attorney have failed to correct the issue after conversations with defense counsel and defense counsel's requests in writing regarding those documents.[4] Regardless of whether Plaintiff believes that he furnished such documents initially, Plaintiff's counsel should now produce the documents relating to Plaintiff's efforts to mitigate damages.

3.    Documents Marked as Exhibits During Szenczy Deposition

During the deposition of Catherine Szenczy on August 18, 2005, Defendant alleges that Plaintiff's attorney marked certain documents as Exhibits A through P, but failed to bring copies of those documents to the deposition and retained custody of the documents following the deposition. Defendants' attorney requested that Plaintiff's attorney provide her with copies of all such documents, however, Plaintiff's attorney failed to produce the documents initially and after defense counsel requested the documents in writing on August 29, 2005, September 12, 2005 and

---

[4]    Plaintiff alleges that Defendants never informed him of his failure to produce said documents, however, the record reveals that Defendants requested the documents both orally and in writing.

October 25, 2005.  Sometime during the week of November 7, 2005, Plaintiff's attorney

provided an "incomplete package" of the deposition exhibits, and to date, has failed to produce

the documents marked as Exhibits G, G-1 and H at the Szenczy deposition.  See Def's Mem.

Supp. Mot. Compel at 13-14.  Such documents should be produced at this time.

4.      <u>Attorney Emengo's Conduct During the Depositions</u>

Defendants charge that in spite of the parties' previous discovery dispute regarding

Attorney Emengo's conduct during the depositions of Plaintiff and Ms. Szenczy and the courts'

ruling thereon, Attorney Emengo "continued to engage in the same kinds of abusive, improper,

rude and bullying conduct . . . during the depositions of Ms. Currier, Mr. Jara, Ms. Davis, Ms.

Schuster and Plaintiff."  Def's Mem. Supp. Mot. Compel at 14.  Specifically, Defendants allege

that Attorney Emengo interrupted witnesses, cut them off mid-answer, "berated them" when they

answered a certain way, interposed inappropriate objections and, at one point, opposed defense

counsel's instructions not to answer a question seemingly intended to elicit attorney-client

privileged information.  <u>Id</u>. at 14-15.

A review of a sampling of Defendants' citations reveals a number of inappropriate

statements and remarks.  For example, during the deposition of Barnaby Jara, Attorney Emengo

repeatedly asked questions intended to elicit information clearly protected by the attorney-client

privilege and instructed the witness, over the objection of defense counsel, to answer the

question.[5]  <u>See</u> Jara Depo. at 73-75.  After Plaintiff's counsel finished questioning Mr. Jara,

---

[5]      Attorney Emengo asked Mr. Jara, regarding his meeting with defense counsel prior to his deposition: "Did they tell you the questions that we're asking you would be likely questions that I would be asking you."  Defense counsel objected and instructed Mr. Jara not to answer, at which point Attorney Emengo told the witness to "[a]nswer the question."  Defense counsel and Attorney Emengo proceeded to enter into an argument over whether the witness could answer the question and Attorney Emengo eventually backed down.  <u>See</u> Jara Depo. at 73-75.

defense counsel attempted to ask some questions, which Plaintiff's counsel objected to, saying "[y]ou may not ask him questions.  Note for the record that you may not cross-examine your own employee who is produced pursuant to my Notice of Deposition."  Jara Depo. at 81.

Defendants also claim that during the depositions of Faye Davis, Carol Schuster and Plaintiff, Attorney Emengo "constantly and repeatedly interrupted [their] responses over the objection of counsel."  See Def's Mem. Supp. Mot. Compel at 15, 17 and 18.  The record shows Ms. Strange objecting to Attorney Emengo's interruptions at several points, see Davis Depo. at 60-61, 82-83, 90, 95, 100, 123, 147 and 150, Schuster Depo. at 42, 43-44, 47, 50, 104, 109-110, 141-42 and 203, but it is difficult, on paper, to ascertain whether such interruptions were occurring and whether they were actually done in bad faith, i.e., whether they were intended to harass, annoy or confuse the witness.[6]  The record does reveal that Attorney Emengo tried to prevent Ms. Davis from explaining her answers, insisting at one point during her deposition that she could only explain if she answered first.  Davis Depo. at 66-67.

At another point, Attorney Strange objected to Attorney Emengo's interruption of the witness, saying, "the Court has ordered you to refrain from interrupting the witness.  You just did it again.  If it continues, we will leave."  Id. at 140.  Attorney Emengo responded that he "d[id] not know of any such order, and please do not—do not misguide the witness."  Id. at 140-41.  Attorney Emengo should be reminded that in this Court's October 7, 2005 Ruling, the Court ordered the attorneys to "refrain from interrupting witnesses and interfering with the completion

---

[6]     The record reveals that at one point during the Schuster deposition, Attorney Strange objected to Attorney Emengo allegedly interrupting the witness, to which he responded: "For the record, Ms. Strange, you're the only one doing any interruption here.  I'm sure this witness would tell me if I have been interrupting her, and the record will clearly show . . ."  Schuster Depo. at 50 (statement presumably continued on page 51, however, defense counsel did not include the following page in the deposition excerpt).

of their answers." Oct. 7, 2005 Ruling at 5.  That order still stands.

The record does reveal that Attorney Emengo made a number of offensive statements to Ms. Davis, including re-characterizing Ms. Schuster's question to Plaintiff whether he could "afford to leave [his] area" to attend continuing education courses as whether a "farm slave" could "intermingle with the house slave."  Davis Depo. at 58.  He told Ms. Davis that he was "sure you're familiar with that term," and went on to ask whether she thought there was anything wrong with being referred to as a farm slave before moving on to another line of questioning.  Id. at 58-59.[7]  Attorney Emengo asked similar questions of Ms. Schuster as well, asking whether she told Plaintiff "farm slave, can you afford to mingle with house slaves?"  Schuster Depo. at 61.

Defendants also assert that during the second day of Plaintiff's deposition, Attorney Emengo "continued the same disruptive and inappropriate conduct outlined in Defendants' Motion to Compel dated September 27, 2005," as he "continued to make inappropriate objections, to interrupt the deposition, to coach the witness and to otherwise obstruct and frustrate a fair examination of Plaintiff."  Def's Mem. Supp. Mot. Compel at 17.  For example, Attorney Emengo repeatedly interrupted Plaintiff's deposition with inappropriate objections based on relevance and "asked and answered," see Pl's Depo. II at 10, 17, 20, 22, 24, 29-33, interrupted Plaintiff twice to limit his answers to certain questions, see id. at 11, 15, coached

---

[7]    Defendants allege that Attorney Emengo continued this same line of questioning in the deposition of Ms. Currier, insinuating that Ms. Schuster had referred to Plaintiff as a "farm slave."  Attorney Emengo stated, during the Currier deposition, that when Ms. Schuster denied Plaintiff's request to attend an off-site seminar, she asked whether he "could afford to go out of [his] area."  Currier Depo. at 72-73.  Based on that representation, Attorney Emengo then inferred that Ms. Schuster actually meant, "you farm slave, can you afford to go and mix with house slaves."  Id.  Defendants characterize this assertion as "bizarre" and "baseless," saying that Attorney Emengo's own questioning conceded that such a statement was never made.  Def's Mem. Supp. Mot. Compel at 16 n.14.

Plaintiff by "reminding" him to respond only to questions he "understood," <u>see</u> <u>id</u>. at 6, 10, 36,[8] re-phrased questions asked by defense counsel and posing them directly to Plaintiff during the deposition, <u>see</u> <u>id</u>. at 8, 10, 20, 63, and interrupted the proceedings to "warn" defense counsel against assuming facts not in the record and to instruct counsel to ask "straightforward question[s]," <u>see</u> <u>id</u>. at 6, 36.  A review of the record reveals that Plaintiff's counsel has continued to engage in some of the conduct addressed in the prior Ruling.

### B. Defendants' Motion for Sanctions

Defendants seek an award of sanctions against Plaintiff and Plaintiff's counsel for their "willful and repeated failure to comply with the rules of discovery" after Attorney Strange, counsel for Defendants, made "good faith efforts" to resolve the discovery disputes detailed herein.  Rule 37 of the Federal Rules of Civil Procedure provides that when the Court grants a discovery motion such as a Motion to Compel, the Court to "*shall* . . . require the party . . . whose conduct necessitated the motion or the . . . attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees."  FED. R. CIV. P. 37(a)(4)(A).  The Court is also permitted to impose sanctions when a party refuses to obey a discovery order, which sanctions may include, *inter alia*, an order preventing a party from offering designated evidence at trial, striking out certain pleadings, dismissing the action, and/or ordering the party who disobeyed such an order to pay reasonable expenses, including attorney's fees, caused by the failure.  FED. R. CIV. P. 37(b)(2).  In the "spectrum of

---

[8]   This Court addressed similar conduct by Attorney Emengo in its prior Ruling, ordering him to stop making "legally improper objections," and citing, in particular, Attorney Emengo's practice of interrupting questioning because he doesn't "understand the question."  Regarding this practice, the Court said: "Plaintiff's counsel is reminded that it is the witness who must understand the question – the proper objection in this case is to the form of the question."  Oct. 7, 2005 Ruling at 5.

sanctions" available under Rule 37, "[t]he mildest is an order to reimburse the opposing party for expenses caused by the failure to cooperate. More stringent are orders striking out portions of the pleadings, prohibiting the introduction of evidence on particular points and deeming disputed issues determined adversely to the position of the disobedient party. Harshest of all are orders of dismissal and default judgment." Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066 (2d Cir. 1979).

The Federal Rules of Civil Procedure regulate attorneys' conduct during discovery. As discussed in the prior Ruling, "[a]ny objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)." FED. R. CIV. P. 30(d)(1). Regarding this Rule, we said that "[i]f counsel feels s/he must make an objection, the objection should be succinctly and briefly made for record and the deposition should continue with testimony being taken subject to the objection. Attorneys should refrain from interrupting witnesses and interfering with the completion of their answers." October 7, 2005 Ruling at 5. Even if counsel believes that a deponent's answer may be irrelevant or otherwise improper, counsel should allow the witness to answer—pursuant to the limitation set out in Rule 30(d)(1)—and can move to strike at trial.

If these rules are violated, specifically, if this Court "finds that any impediment, delay, or other conduct has frustrated the fair examination of the deponent, it may impose upon the persons responsible an appropriate sanction, including the reasonable costs and attorney's fees incurred by any parties as a result thereof." FED. R. CIV. P. 30(d)(3). The Second Circuit has given district courts broad discretion to impose sanctions, including dismissal, on parties who fail

to comply with discovery orders.  Friends of Animals Inc. v. United States Surgical Corp., 131

F.3d 332, 334 (2d Cir. 1997) (per curiam); see also FED. R. CIV. P. 37(b).  It is clear, however,

that "dismissal under Fed. R. Civ. P. 37 is a drastic remedy that should be imposed only in

extreme circumstances, usually after consideration of alternative, less drastic sanctions."  John B.

Hull, Inc. v. Waterbury Petroleum Products, Inc., 845 F.2d 1172, 1176 (2d Cir. 1988) (internal

citations and quotations omitted).  Although it is only used in "extreme circumstances," dismissal

is an appropriate sanction when "a party fails to comply with the court's discovery orders

willfully, in bad faith, or through fault."  Id.  "When a party seeks to frustrate [the purpose of the

Federal Rules' discovery provisions] by disobeying discovery orders, thereby preventing

disclosure of facts essential to an adjudication on the merits, severe sanctions are appropriate."

Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1365 (2d Cir. 1991).

       1.    Plaintiff's Failure to Produce Responsive Documents During Discovery

     Defendants put forth several grounds on which Plaintiff and/or his attorney should be

sanctioned.  First, they argue that sanctions are appropriate based on Plaintiff and his counsel's

violation of Rule 34 by withholding documents relevant to Defendants' First Set of Requests for

Production dated June 10, 2005 until the last week of discovery, when he marked some of them

as exhibits during the depositions of Ms. Currier, Ms. Davis and Ms. Schuster.  Defendants claim

that these documents, as well as other responsive documents in Plaintiff's possession which have

not been disclosed, should have been produced "months ago."  Plaintiff's failure to produce them

prejudiced Defendants by giving them less time to review the documents, no time to review them

prior to the depositions and, as they were produced after Plaintiff's deposition, Defendants were

not able to question Plaintiff about the documents.  Def's Mem. Supp. Mot. Compel at 21.

14

Defendants also complain about the fact that Plaintiff may still possess additional responsive documents which have not been disclosed, in a frustrating and ongoing "effort[] to conceal documents."[9]

Plaintiff has additionally failed to produce documents related to his efforts to mitigate damages—documents which Plaintiff testified he possessed and which his attorney said would be produced.  Defendants argue that Plaintiff's failure to produce such documents should result in his being prohibited from introducing evidence regarding mitigation if this should proceed to trial.  Id. at 22-23.  In the face of evidence that the omission may have been inadvertent, although such evidence is shaky, such a severe sanction is not warranted at this time.  Defendants also ask the Court to award them their costs incurred in preparing this motion and in attempting to resolve the issue with Attorney Emengo.  Finally, Defendants seek an order compelling Plaintiff to produce a "full and complete copy of all documents marked as exhibits at the deposition of Catherine Szenczy."  Id. at 23.

2.    Attorney Emengo's Conduct During Discovery

As outlined above, it appears that despite this Court's October 7, 2005 Ruling, Attorney Emengo continued to engage in much of the same behavior during the depositions of Ms. Currier, Mr. Jara, Ms. Davis, Ms. Schuster and Plaintiff.  Specifically, our review of the record revealed that Attorney Emengo continued to interrupt witnesses and defense counsel, interposed inappropriate and lengthy objections, rephrased defense counsel's questions to Plaintiff and asked them himself and, according to Defendants, "otherwise obstructed the deposition."  Id. at

---

[9]    Although Attorney Emengo contests these representations, Plaintiff's deposition testimony that there "may be" additional responsive documents belies his attorney's assertions to the contrary.

15

24.  Defendants argue that Attorney Emengo's conduct prevented a fair examination of Plaintiff, rendering the deposition transcript "virtually worthless" for future proceedings.  See id.  In light of this Court's previous Ruling and Attorney Emengo's disregard thereof, Defendants argue that more severe sanctions are necessary.  See id. (citing Jones v. J.C. Penney's Dep't Stores, Inc., 228 F.R.D. 190, 196-98 (W.D.N.Y. 2005) (awarding sanctions for conduct similar to that described here)).

            3.    Order

        Defendants request that this Court impose: (1) an order dismissing this matter with prejudice; (2) an order revoking Attorney Emengo's admission pro hac vice; (3) an award of monetary sanctions against Attorney Emengo; (4) an order compelling Plaintiff to produce all documents responsive to Defendants' First Set of Requests for Production; and (5) an award of costs to compensate Defendants for fees incurred in the preparation of the instant motion as well as in the preparation of Defendants' Motion for Protective Order dated August 31, 2005 and Defendants' Motion to Compel dated September 27, 2005.  Def's Mem. Supp. Mot. Compel at 25.

        Defendants' Motion is granted in part.  Although the Court will not dismiss the matter or revoke Attorney Emengo's admission at this time, it will remind Plaintiff and Plaintiff's counsel that such sanctions are permissible and, if misconduct continues, may be appropriately imposed. Plaintiff shall produce all documents responsive to Defendants' First Set of Requests for Production, all documents relating to Plaintiff's efforts to mitigate damages and all documents marked as exhibits during the deposition of Ms. Szenczy on or before February 27, 2006. Plaintiff shall, on or before February 27, 2006, file and serve a list of all documents claimed to

have been produced for defense counsel.  Plaintiff shall produce, by March 16, 2006, all documents so listed but which defense counsel asserts to Plaintiff's counsel by letter on or before March 9, 2006 were not received.  Any document not produced as hereby ordered will not be admitted as evidence nor permitted to be referred to in testimony at trial.  The Court reminds Attorney Emengo that the discovery rules laid out in this Order and in this Court's Ruling dated October 7, 2005 continue to apply, and he is hereby ordered to comply with them.  Moreover, in light of Plaintiff's failure to disclose responsive documents and the non-compliance with the Ruling of October 7, 2005 in the subsequent depositions discussed above, Plaintiff and/or his attorney is ordered to pay to defense counsel, as reimbursement for costs and fees incurred in the preparation of the instant motion as well as in the preparation of Defendants' Motion for Protective Order dated August 31, 2005 and Defendants' Motion to Compel dated September 27, 2005, the sum of $750.00, to be paid on or before February 28, 2006, on pain of disqualification of counsel and/or dismissal of this action.

### C.  Plaintiff's Cross-Motion for Sanctions

In response, Plaintiff seeks an order imposing sanctions on Defendants, compelling them to produce all documents in their possession which are responsive to Plaintiff's Requests for Production, apparently articulated in the deposition transcript and served on defense counsel as Request for Production Nos. 7, 8, 12, 14, 16 and 19 and forcing them to pay Plaintiffs' expenses and attorneys incurred by reason of this motion.  Plaintiff also seeks documents tending to show that Plaintiff was "incompetent in discharging his duties in ensuring and maintaining a low-level delinquency rate for the hospital thereby justifying his discharge," which he claims Ms. Schuster referred to in her deposition.  Plaintiff alleges that "[t]he sole object of making defendants [sic]

17

motion for sanctions and to disqualify plaintiff's counsel is to remove the courts [sic] focus from the wrongs perpetrated by defendants and their counsel against the plaintiff in this case and secure an unfair and unjust advantage over plaintiff by denying plaintiff an opportunity to use the said documents in responding to the dispositive motion already served by defendants in this case to which plaintiff's response is due on February 6, 2006." Id. at 2-3.

Defendants assert that as to the documents requested during the depositions, Attorney Emengo only made an oral request, after which defense counsel instructed him that "oral requests were not recognized under Rule 34 and asked him to make the request in writing." Def's Reply at 5. Defendants assert that each time, Attorney Emengo agreed to issue a written production request, which he never did. Defendants also assert, however, that had a written request been issued, they would have objected to the requests, as the oral requests "included requests for documents regarding other employees outside Plaintiff's department, job descriptions for human resources positions and other documents entirely unrelated to the claims in this case." Id. at 5 n.3. Additionally, Plaintiff's Motion to Compel lacks the certification required under Rule 37, which provides that motions to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." FED. R. CIV. P. 37(a)(2)(A). Not only did Plaintiff fail to provide such a certification, but the evidence presented thus far goes to show that he did not make the required good faith attempt to secure the disclosure without court action. Plaintiff's Motion for Sanctions on this basis is denied. Plaintiff may file a written request for such production on or before February 28, 2006.

Attorney Emengo claims that in this Court's prior Ruling, this Court "specifically limited

18

the [Plaintiff's deposition] to specific questions which were referred to in defendants [sic] motion

to compel . . ." Emengo Decl. Supp. Cross-Mot. at 8.  Attorney Emengo goes on to argue that

during the Schuster deposition, Defendants' attorney, "despite all protestation by plaintiff's

counsel," refused to abide by Attorney Emengo's interpretation of the Order and "conducted an

entire deposition of plaintiff anew."  Although the Court did order Plaintiff to answer the

questions referred to in Defendants' Motion to Compel, the deposition was never limited to those

questions.  Moreover, Defendants assert that the questions asked "were directly related to the

questions that Plaintiff inappropriately refused to answer during the first day of his deposition"

which Defendants "were not able to complete . . . due, in part, to Attorney Emengo's constant

interruption."  Def's Reply at 5.  As stated in this Ruling and in Court's prior Ruling, even if

Plaintiff's attorney believes that certain answers are unnecessary, he should state his objections

briefly and concisely, reserving any argument for a Motion to Strike, if necessary, at trial.

Moreover, contrary to Attorney Emengo's arguments, a review of the record reveals no

"objectionable and vexatious" questioning on the part of defense counsel.  Plaintiff's motion in

this respect is denied.

Attorney Emengo also claims that during the depositions of Mr. Jara, Ms. Currier, Ms.

Davis and Mr. Gordon, Mr. Shea, an attorney for Defendants, improperly interrupted and

directed the witness not to answer.  Mr. Shea's objections and instructions, however, were

proper, as Rule 30(d)(1) permits an attorney to "instruct a deponent not to answer . . . when

necessary to preserve a privilege."  FED. R. CIV. P. 30(d)(1).  It was Attorney Emengo's

questions—e.g., "Did [defense attorneys] tell you that the questions they were asking you would

be likely questions that I would be asking you?" and "In that conference [with defense counsel],

19

did you discuss probable questions and likely answers?"—that were improper as invading the attorney/client privilege, not Mr. Shea's objections. Plaintiff's motion in this respect is denied.

Plaintiff's Cross-Motion also includes the argument that defense counsel improperly cross-examined several witnesses after he finished deposing them. See Emengo Decl. Supp. Cross-Mot. at 13, 17-18. This argument is without merit. The Federal Rules expressly provide that cross-examination of deposition witnesses is permissible. See FED. R. CIV. P. 30(c) ("Examination and cross-examination of witnesses may proceed as permitted at the trial . . ."). Plaintiff's motion in this respect is denied.

Attorney Emengo cites a great deal of deposition transcripts, saying that Defendants' attorney frequently and unnecessarily interrupted and disrupted the examinations. See Emengo Decl. Supp. Cross-Mot. at 15-19. As with defense counsel's citations of Attorney Emengo's interruptions, it is difficult to ascertain whether Attorney Emengo was interrupting, whether any interruptions were intentional or in bad faith, and similarly, whether defense counsel's objections to such interruptions were well-founded and necessary. For these reasons, Plaintiff's motion in this respect is denied.

## III.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Compel and for an Award of Sanctions [Doc. No. 45] is **granted in part** and **denied in part** and Plaintiffs' Cross-Motion for Sanctions [Doc. No. 54] is **granted in part** and **denied in part**.

SO ORDERED.

Dated at New Haven, Connecticut, February  16 , 2006.

_____
/s/
Peter C. Dorsey, U.S. District Judge
United States District Court